UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| PATRICIA CARMACK, | ) |
| | ) |
| Plaintiff, | ) Case No. 1:17cv121 SNLJ |
| | ) |
| vs. | ) |
| | ) |
| LIBERTY LIFE ASSURANCE | ) |
| COMPANY OF BOSTON, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant Liberty Life Assurance Company of Boston's August 4, 2017 motion to dismiss (#8). Plaintiff has not responded, and the time to do so has expired.

**I.  Factual Background**

Plaintiff was an employee of Uniliver, Inc. She seeks relief on the basis of benefits allegedly due to her under a long-term disability contract. That contract was the Group Disability Income Policy (the "Policy") issued by defendant that insured benefits pursuant to the Uniliver United States, Inc. Long Term Disability Plan (the "Plan") which provides long term disability benefits to employees of Uniliver. Plaintiff seeks recovery under a cause of action for bad faith, as well as violations of Missouri's Unfair Claim Settlement Practices Act, and she filed her petition in the Circuit Court of New Madrid County, Missouri. Defendant removed the case to this Court based upon this Court's federal question jurisdiction, 28 U.S.C. §§ 1331, 1349, and 1441(a).

Defendant contends that plaintiff's state law causes of action are preempted by Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, et seq. ("ERISA") and that the petition must be dismissed.

## II. Legal Standard

The purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test the legal sufficiency of a complaint so as to eliminate those actions "which are fatally flawed in their legal premises and deigned to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001) (citing *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989)). "To survive a motion to dismiss, a claim must be facially plausible, meaning that the 'factual content. . . allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Cole v. Homier Dist. Co., Inc.*, 599 F.3d 856, 861 (8th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Court must "accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Id.* (quoting *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005)). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster. *Iqbal*, 556 U.S. at 678.

## III. Discussion

Plaintiff's complaint includes two counts. In Count I, plaintiff seeks a declaratory judgment setting forth the rights and responsibilities of plaintiff and defendant arising out of the Policy. In Count II, plaintiff claims bad faith and vexatious refusal to pay under the Missouri Unfair Claim Settlement Practices Act, § 375.1000 RSMo, et seq.

ERISA explicitly and completely preempts state law. Its preemption provision declares that ERISA shall "supersede any and all state laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a). Defendant contends that the Policy at the heart of this case is an "employee welfare benefit plan" as defined by ERISA, and, as a result, that ERISA preempts all of plaintiff's claims. ERISA's definition includes "any plan, fund, or program…established or maintained by an employer…to the extent such plan, fund, or program was established…for the purpose of providing for its participants…benefits in the event of …disability." 29 U.S.C. §1002(1). The Policy here, sponsored by plaintiff's employer, extended long term disability benefits to plaintiff and is undoubtedly covered by ERISA's definition as an "employee welfare benefit plan." Plaintiff's lawsuit thus "relate[s] to [an] employee benefit plan." *Id.* at § 1044(a); *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 62 (1987). And "it is based upon common law of general application that is not a law regulating insurance." *Metropolitan Life*, 481 U.S. at 62. "Moreover, as a suit by a beneficiary to recover benefits from a covered plan, it falls directly under § 502(a)(1)(B) of ERISA, which provides an exclusive federal cause of action for resolution of such disputes." *Id.* at 62-63. The Supreme Court is clear that lawsuits like plaintiff's are preempted by ERISA. *See id.*; *see also Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 57 (1987).

Critically, plaintiff did not respond to defendant's motion to dismiss in any way. She therefore does not contest that the Policy is a covered employee welfare benefit plan, nor does she argue that ERISA does not somehow preempt her state-law claims. Taking

3

all of plaintiff's allegations as true, it is clear that plaintiff's complaint is preempted by ERISA and must be dismissed. *See id.*

## IV. Conclusion

Defendant's motion to dismiss will be granted.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss (#8) is **GRANTED**.

Dated this  3rd  day of November, 2017.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE